# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

**Case No.:** **CV 18-3571-DOC (PLA)**  **Date:** **January 17, 2019**

**Title:** **Gildardo Padilla, Jr. v. Nancy Berryhill, Acting Commissioner of Social Security**

---

**PRESENT: THE HONORABLE     PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**         **ATTORNEYS PRESENT FOR DEFENDANT(S):**
NONE                                                                                         NONE

**PROCEEDINGS:     (IN CHAMBERS)**

Pursuant to this Court's May 1, 2018, Order Re Further Proceedings, plaintiff was ordered to file a Proof of Service showing compliance with Paragraph 1 of that Order within thirty (30) days after the date of the Order, i.e., by June 1, 2018. (ECF No. 7). After two extensions of time (ECF Nos. 10, 12), the time for plaintiff to file his proof of service passed, and on June 4, 2018, the Court issued an order to show why the case should not be dismissed for failure to prosecute and follow court orders. (ECF No. 13). On August 22, 2018, plaintiff filed a proof of service indicating that service had been completed on July 16, 2018. (ECF No. 14). The Court, therefore, discharged the order to show cause. (ECF No. 15). On December 10, 2018, the Court ordered defendant to show cause why the Answer and Administrative Record had not been timely filed. (ECF No. 16). On January 16, 2019, the United States Attorney's Office ("USAO") filed a Status Report, indicating that plaintiff had failed to effect proper service because he had failed to serve a copy of the Complaint in this action, and had only served a summons. (Status Report at 2). The USAO states that it sent plaintiff a letter on July 17, 2018, informing him that he had failed to properly serve the Complaint and, therefore, that his July 16, 2018, purported service was not properly effected. (Status Report Ex. A). The USAO submits that as of January 16, 2019, "service by Plaintiff on Defendant has not been completed," and this Court, therefore, lacks jurisdiction. (Status Report at 1-2 (citations omitted)).

After reviewing the USAO's Status Report, the Court agrees that proper service on defendant, in accordance with the Court's May 1, 2018, Order has not been effected. Accordingly, **no later than February 7, 2019**, **plaintiff is ordered to show cause** why this case should not be dismissed for failure to prosecute and follow Court orders. Effecting proper service of **all of the required documents** on **all of the entities set forth** in Paragraph 1 of the Court's May 1, 2018, Order, and filing of the Proof of Service on or before **February 7, 2019**, shall be deemed compliance with this Order to Show Cause. The Court clerk is directed to provide plaintiff with another copy of the Court's May 1, 2018, Order (ECF No. 7), along with this Order.

cc:     Gildardo Padilla, Jr., pro se
         United States Attorney's Office, Los Angeles (ATTN: Cedina M. Kim)

Initials of Deputy Clerk     ch

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No.: CV **18-3571-DOC (PLA)**          Date: **May 1, 2018**

Title:   **Gildardo Padilla, Jr. v. Commissioner of Social Security**

---

**PRESENT: THE HONORABLE   PAUL L. ABRAMS**          ☐ **U.S. DISTRICT JUDGE**
                                                    ☒ **MAGISTRATE JUDGE**

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**          **ATTORNEYS PRESENT FOR DEFENDANT:**
              NONE                                              NONE

**PROCEEDINGS:   (IN CHAMBERS) DOCKET ENTRY: ORDER RE FURTHER PROCEEDINGS**

IT IS ORDERED as follows:

    1.   Plaintiff shall promptly proceed with service of the summons and complaint on defendant in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure.  Such service shall consist of:  (1) serving the United States Attorney or his/her authorized agent either personally at 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012, or by registered or certified mail addressed to the United States Attorney's civil process clerk at 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012; **and** (2) serving by registered or certified mail the Regional Chief Counsel, Region IX, Social Security Administration ("SSA") at 160 Spear Street, Suite 800, San Francisco, California 94105-1545, **and** the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.  Plaintiff shall file **two copies** of the proof of service showing compliance with this Order **no later than thirty (30) days after the date of this Order**.  Non-compliance with this paragraph may result in the issuance of an Order to Show Cause Re Dismissal for Failure to Prosecute.

    2.   Defendant's time to respond to the Complaint is extended so that defendant's answer to the Complaint must be filed within one hundred twenty (120) days of service of the Complaint.[1]  Defendant shall file the administrative record with the Court and file and serve the certified administrative record on plaintiff at the same time that defendant answers the Complaint.

---

    [1]   As used herein, "service" refers to the date set forth in the Certificate of Service attached to the document served.  It does not refer to the date the document is actually received.

   3. Within fifteen (15) calendar days of the filing of defendant's answer to the Complaint, plaintiff shall complete and transmit to the Assistant United States Attorney ("AUSA") in Los Angeles assigned to the case, a summary of his or her legal claim(s) on appeal <u>and</u> a settlement proposal ("Summary Proposal").[2] The Summary Proposal shall **not** be filed with the Court. The Summary Proposal shall set out, as briefly as possible, the primary contentions or factors (both procedural and substantive) that plaintiff believes provide a basis for the SSA to stipulate to a remand of the action for further administrative proceedings, or for payment of benefits.

   4. The AUSA will respond to the Summary Proposal within thirty (30) calendar days after its receipt. The parties are encouraged to engage in further written or telephonic discussions regarding the issues on appeal and may agree to use e-mail or standard U.S. Mail for their communications as appropriate. If a voluntary remand or payment of benefits will be accepted by the Commissioner, the AUSA and plaintiff shall jointly prepare and lodge a proposed Judgment with the Court within five (5) business days of that determination.

   5. In the event that there is no agreement as to a voluntary remand or payment of benefits, plaintiff shall so inform the Court within three (3) business days of that determination, in a filed and served pleading entitled "Notice of Compliance with Settlement Conference Order."

   6. Within forty-five (45) days after the date of the filing of the "Notice of Compliance with Settlement Conference Order," plaintiff shall serve and file a motion for summary judgment[3] or remand ("Motion"), which shall not exceed fifteen (15) pages, exclusive of the table of contents and the table of authorities. The Motion, which shall not be set for a date certain, shall contain a summary of the proceedings before the Secretary and all medical and other evidence contained in the record that supports plaintiff's claim(s), with precise references to the applicable portions of the record, and discussion of disputed issues, each of which should be set forth separately with supporting points and authorities. It shall be considered compliance with this paragraph if plaintiff stipulates that the Administrative Law Judge fairly and accurately summarized in his/her decision the medical evidence contained in the record.

   7. Within forty-five (45) days after being served with plaintiff's motion for summary judgment or remand, defendant shall file a cross-motion for summary judgment or remand ("Cross-Motion"), which shall not exceed 15 pages, exclusive of the table of contents and the table of authorities.[4] The Cross-Motion, which shall not be set for a date certain, shall contain defendant's response to plaintiff's Motion, including a statement as to whether there are any inaccuracies in the summary filed by plaintiff; and shall address issues raised by plaintiff in the same order as plaintiff's argument(s). Defendant is not precluded from identifying and addressing additional issues.

   8. Within fourteen (14) days after service of defendant's Cross-Motion, plaintiff may file a response.

---

  [2] Alternatively, plaintiff may use the attached "Disability Litigation Voluntary Remand/Payment Request" form if desired.

  [3] Central District Local Rule 56 shall not apply to the preparation of motions for summary judgment in this case. Therefore, there is no need for either party to file a Statement of Uncontroverted Facts and Conclusions of Law, a Proposed Judgment, or a Statement of Genuine Issues, unless otherwise ordered by the Court.

  [4] Except to the extent necessary to address the issues raised, it is not necessary for either party to include a detailed summary of the medical evidence in their Motion or Cross-Motion. If such a summary is included, its length shall be counted against the 15-page limit.

      9.   The case shall be deemed submitted without oral argument.

      10.  The deadlines set forth in this order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time.  Accordingly, requests for extensions of time are discouraged.  Any such request shall set forth specific facts showing that additional time is needed despite diligent attempts to meet a deadline.  Requests for extensions of time shall be filed and served at least three (3) days before the deadline that is the subject of the request.  Whenever possible, a request for extension of time should be made in the form of a proposed stipulated order.

      11.  The Clerk shall serve a copy of this order by United States mail on plaintiff and the United States Attorney for the Central District of California.

      12.  Plaintiff is advised that his failure to strictly comply with the terms of this Order may result in the action being dismissed for failure to prosecute and follow Court orders.

Service List:

| | |
|---|---|
| Gildardo Padilla, Jr., Pro Se | United States Attorney |
| 9009 S. Broadway Street, Apt. 1 | 300 N. Los Angeles Street, Rm. 7516 |
| Los Angeles, CA 90003 | Los Angeles, CA  90012 |

Initials of Deputy Clerk   ch

**DISABILITY LITIGATION VOLUNTARY
REMAND/PAYMENT REQUEST**

NAME OF PLAINTIFF: _____

CIVIL CASE NO:       _____ (C.D. California)

TELEPHONE:   _____

1. PROCEDURAL ISSUES THAT MAY WARRANT ACCEPTANCE OF VOLUNTARY REMAND: (e.g., Is medical record complete and legible? If plaintiff was pro per at hearing, did the absence of counsel result in prejudice? Was any waiver of right to counsel at hearing sufficient? Were all necessary diagnostic tests obtained/purchased? Were there any alleged statements of bias by the ALJ?)

2. LACK OF SUBSTANTIAL EVIDENCE TO SUPPORT ALJ'S FINDINGS (Briefly explain, with Record citations):

3. REVERSIBLE (material) LEGAL ERRORS COMMITTED BY ALJ (Briefly explain, WITH CITATIONS TO CONTROLLING 9th Cir. CASE LAW):

4. EXISTENCE OF MATERIAL NEW EVIDENCE (Attach and briefly explain GOOD CAUSE FOR FAILURE TO SUBMIT EVIDENCE DURING ADMINISTRATIVE PROCEEDINGS):

5. ISSUES THAT WARRANT PAYMENT OF BENEFITS WITHOUT NEED FOR REMAND:

6. PROPOSAL FOR SETTLEMENT

Plaintiff shall check box if <u>Telephonic Settlement Conference</u> is requested:  ☐